18688

Furman POSEY, Appellant, v. STATE of South Carolina *et al.,* Respondent

(156 S. E. (2d) 341)

*Messrs. John T. Gentry,* of Pickens, *and Sydney F. McDaniel, Jr.,* of Easley, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer* and *Carl R. Reasonover, Assistant Attorneys General,* of Columbia, and *B. O. Thomason, Jr., Solicitor,* of Greenville, *for Respondents,* ▆▆▆▆▆▆

August 4, 1967.

PER CURIAM:

The appellant, Posey, is an inmate of the South Carolina Penitentiary, serving a twenty-five year sentence imposed when he was convicted by a jury of the crime of rape, with a recommendation to mercy, at the September 1962 term of the Court of General Sessions for Pickens County. He was represented by retained counsel at his trial, and such counsel served notice of intention to appeal but did not perfect the same. Several extensions of time for perfection of the same have been granted. The appellant has filed several petitions for writs of *habeas corpus* with, and been granted two full hearings by, the circuit court. Since the trial, he has been represented in all proceedings, including this appeal, by appointed rather than retained counsel.

The appeal is in the nature of a direct appeal from his 1962 conviction and sentence, as well as one from the actions of the circuit court in refusing him relief by way of *habeas corpus.* The record before us contains not only the transcript of the trial, but transcripts of the various *habeas corpus* proceedings, thus making the record a rather voluminous one, which we have, however, carefully reviewed. No useful purpose could be served by reviewing the various proceedings

or the evidence in detail. All contentions which appellant makes have been diligently presented by his appointed counsel, not only in the *habeas corpus* proceedings, but in this appeal. His contentions, three in number, are shown by the record, however, to be so clearly without merit, that they do not justify any lengthy discussion.

Appellant contends that the evidence adduced at the trial was insufficient to support his conviction for the crime of rape. Suffice it to say that the trial transcript shows that the evidence was quite sufficient to warrant and sustain his conviction.

Another contention is that the Court of General Sessions for Pickens County did not have judisdiction, in that any crime committed was not committed in Pickens County. The defendant testified at the trial, and still contends, that the occurrence which gave rise to his conviction did not happen in Pickens County. There was an abundance of evidence, however, from other witnesses to the effect that such did take place in Pickens County. In view of the conflict in evidence, the trial judge properly submitted to the jury the issue of whether or not the crime occurred in Pickens County, and under the evidence and the charge of the judge, the verdict of the jury is conclusive on the question of jurisdiction.

Finally, the appellant has alleged and contends that there was misconduct, to his prejudice, on the part of the officers charged with the responsibility of accompanying and sequestering the jury during recesses in the trial of the case. The answer to this contention is that in his last *habeas corpus* hearing he was accorded the privilege of subpoenaing all the witnesses whom he desired, and, in fact, a number of witnesses subpoenaed in his behalf testified. He failed, however, to offer any testimony himself, or through other witnesses, proving any misconduct whatever on the part of such officers, and there is nothing else in the entire voluminous record before us to indicate that there was any such improper conduct.

The contentions of the appellant being all clearly without merit, it follows that he was not entitled to relief in the *habeas corpus* proceedings, and that his judgment of conviction and sentence should be, and the same are hereby, affirmed.

Affirmed.